IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CYNTHIA HALTER                                                                                      PLAINTIFF

vs.                                            Civil No. 4:21-cv-04082

COMMISSIONER, SOCIAL                                                                        DEFENDANT
SECURITY ADMINISTRATION

**MEMORANDUM OPINION**

Cynthia Halter ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed her disability application on March 14, 2019. (Tr. 13). In this application, Plaintiff alleges being disabled due to fibromyalgia, back problems, obesity, depression, hypothyroidism, pelvic girdle syndrome, chronic fatigue syndrome, sleep problems, heart blockage, high cholesterol, diabetic, memory problems, restless leg syndrome, breathing problems, migraines, spinal spondylosis. (Tr. 318). Plaintiff alleges an onset date of December

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 15.  These references are to the page number of the transcript itself not the ECF page number.

1

14, 2018. (Tr. 13). This application was denied initially and again upon reconsideration. *Id.* Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 94-194).

On January 6, 2021, the ALJ held an administrative hearing. (Tr. 29-55). At this hearing, Plaintiff was present and was represented by counsel, Matthew Golden. *Id.* Plaintiff and Vocational Expert ("VE") Gerald Dyess testified at this administrative hearing. *Id.* On February 17, 2021, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 13-23). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2023. (Tr. 15, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 14, 2018, her alleged onset date. (Tr. 16, Finding 2).

Through her date last insured, the ALJ determined Plaintiff had the following severe impairments: fibromyalgia, degenerative disc disease of the lumbar spine, obesity, hypothyroidism obstructive sleep apnea, asthma, chronic obstructive pulmonary disease, osteoarthritis, of the left knee, headache disorder, and coronary artery disease. (Tr. 16, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 18-22, Finding 5). Specifically, the ALJ found Plaintiff retained the RFC for sedentary work except cannot climb ladders, ropes or scaffolds; can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, crouch and crawl; can frequently bilaterally handle and finger; occasional exposure to, dust, odors, fumes, gases, poor

ventilation and other pulmonary irritants; and must avoid all exposure to hazards such as unprotected heights, and dangerous machinery. *Id.*

The ALJ then determined Plaintiff was capable performing her Past Relevant Work ("PRW") as a collection clerk. (Tr. 22, Finding 6). Based upon this finding, the ALJ determined Plaintiff was not disabled at any time from December 14, 2018, through the date of his decision. (Tr. 23, Finding 7).

Plaintiff then requested the Appeal's Council's review of this unfavorable decision. (Tr. 1-6). The Appeals Council denied this request on September 10, 2021. *Id.* Thereafter, on November 3, 2021, Plaintiff appealed her administrative case to this Court. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 16, 2021. ECF No. 7. Both Parties have filed their appeal briefs, and this matter is now ripe for consideration. ECF Nos. 17, 18.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents

the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 1. Specifically, Plaintiff claims (1) the ALJ erred in the RFC determination, (2) the ALJ erred in finding her mental impairment as non-severe, and (3) the ALJ erred in evaluating Plaintiff's subjective complaints of pain. *Id.* Because the Court agrees with Plaintiff and finds the ALJ erred by finding her mental impairment was non-severe, this case must be reversed and remanded.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In this case, Plaintiff alleged being disabled due to depression. (Tr. 318). The medical record shows Plaintiff was treated and received medication for depression and anxiety. (Tr. 402,

443-444, 469, 476-477, 482, 505, 568, 570, 573).  Plaintiff also testified about the effects these conditions and medications had on her and her ability to work.  (Tr. 44-47).

As recognized above, the standard for determining whether an impairment is severe is a low standard.  Based upon the record, Plaintiff has presented sufficient evidence demonstrating her depression meets that standard.  Thus, this case must be reversed and remanded for further consideration of this issue and a determination as to whether any of Plaintiff's other impairments meet this low standard.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is not supported by substantial evidence in the record.  As such, this case is reversed and remanded for further findings consistent with this opinion.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 7th day of February 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE